# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2010

No. 09-40811
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD BALLARD,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:08-CR-34-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Richard Ballard appeals his conditional guilty plea conviction for possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), arguing that the district court erred by denying his motion to suppress the marijuana that was found during a traffic stop in the travel trailer that he was towing. The district court found that the warrantless search of the travel trailer was lawful because it fell within the automobile exception; that there was probable cause to search the trailer based on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

totality of the circumstances; and that the inevitable discovery rule also supported the search of the trailer.

"The standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." *United States v. Outlaw*, 319 F.3d 701, 704 (5th Cir. 2003) (internal quotation marks and citation omitted). Whether those facts establish probable cause is a legal question that we review *de novo*. *United States v. Hearn*, 563 F.3d 95, 103 (5th Cir. 2009) (citing *United States v. Muniz-Melchor*, 894 F.2d 1403, 1439 n.9 (5th Cir. 1990)). We review the evidence in the light most favorable to the prevailing party. *United States v. Mendez*, 431 F.3d 420, 425 (5th Cir. 2005).

"Probable cause to search an automobile exists where trustworthy facts and circumstances within the officer's personal knowledge would cause a reasonably prudent man to believe that the vehicle contains contraband." *United States v. Castelo*, 415 F.3d 407, 412 (5th Cir. 2005) (internal quotation marks and citation omitted). "Probable cause is determined by examining the totality of the circumstances." *United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006). "A police officer may draw inferences based on his own experience in deciding whether probable cause exists, including inferences that might well elude an untrained person." *United States v. Banuelos-Romero*, 597 F.3d 763, 768 (5th Cir. 2010) (citation omitted).

Ballard does not argue that the travel trailer, by virtue of being a travel trailer, is not subject to the automobile exception. Rather, he argues that the district court erred in concluding that the search of the trailer was justified by probable cause or by the inevitable discovery rule.

The automobile exception to the Fourth Amendment's warrant requirement "allows police to search a vehicle if they have probable cause to believe that the vehicle contains contraband." *Fields*, 456 F.3d at 523. Law enforcement may conduct a warrantless search of an automobile if "(1) the officer

conducting the search had probable cause to believe that the vehicle in question contain[ed] property that the government may properly seize; and (2) exigent circumstances justified the search." *Castelo*, 415 F.3d at 412 (internal quotation marks and citation omitted). In a vehicle stop on a highway, the requisite exigency is clearly met. *Id*.; *see also United States v. Ervin,* 907 F.2d 1534, 1537 (5th Cir. 1990) (upholding warrantless search of travel trailer under automobile exception).

The record reflects that although the law enforcement officer found a small amount of marijuana in the lawful search of Ballard's truck based on the odor of marijuana coming from the truck, the officer did not base his decision to search the trailer solely on the marijuana he detected in the truck. Rather, his decision was based on the totality of the circumstances, including Ballard's curious travel plans to "hang out" for one night in St. Louis in the travel trailer, which he rented for four days for over $800; Ballard's possession of a track phone and multiple cell phone chargers; the fact that the registration of the vehicle indicated that an apportioned license plate should have been displayed on the vehicle but was not displayed; the fact that the truck was registered to a third party and not to Ballard, as Ballard had initially claimed; the presence of a single key in the ignition; the fact that Ballard had dress clothes hanging in the truck but had no dress shoes to wear with the clothes; and Ballard's defensive posture during the traffic stop.

The officer testified that based on his training and experience, these observations as a whole were sufficient to create probable cause to suspect that Ballard was transporting drugs. He noted, for example, that drug traffickers often have prepaid phones, similar to Ballard's track phone, to avoid detection, and they often use trailers or recreational vehicles to transport drugs. He also noted that drug traffickers will attempt to appear like businessmen and have been known to display business attire in their vehicle to avoid suspicion of

criminal activity. He further noted that Ballard's failure to display the proper license indicated that Ballard was attempting to hide criminal conduct.

The officer permissibly drew inferences based on his own experiences and in light of the totality of the circumstances in determining whether there was probable cause to search the trailer. *See Fields*, 456 F.3d at 523; *Banuelos-Romero*, 597 F.3d at 768 (citation omitted); *see also Muniz-Melchor*, 894 F.2d at 1438 (noting that a "[a] succession of otherwise innocent circumstances or events . . . may constitute probable cause when viewed as a whole").

In light of the circumstances, taken together, and viewing the evidence in the light most favorable to the Government, *see Mendez*, 431 F.3d at 425, we conclude that there existed probable cause to search the travel trailer and thus, the search of the trailer was not unconstitutional. Because the search of the trailer was supported by probable cause, we do not consider whether the search was valid based on the inevitable discovery doctrine, as the district court alternatively found. *See United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.